UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-22027-CIV-GOODMAN

**[CONSENT CASE]**

VINCENT JONES, et al.,

    Plaintiffs,

v.

CARSWELL PROPERTY
MAINTENANCE, INC., et al.,

    Defendants.

_____

## ORDER GRANTING PLAINTIFFS' RENEWED MOTION

## FOR PARTIAL SUMMARY JUDGMENT AS TO ENTERPRISE COVERAGE ISSUE

This cause is before me on Plaintiffs' Renewed Motion for Partial Summary Judgment as to enterprise coverage. (DE# 117.) Plaintiffs' unopposed motion is **GRANTED**[1].

### I.   Introduction

This is an action seeking unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, Article X, § 24 of the Florida Constitution, and the Florida Minimum Wage Act, § 448.110, Florida Statutes. (DE# 58.)

Defendants originally filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, motion for summary judgment, on August 12, 2009. (DE# 3.) Defendants contended in that motion that, because "the corporate Defendant does not have two or more employees engaged in commerce or in the production of goods for commerce, and is a local business only transacting and seeking to transact business in South Florida," enterprise coverage

---

[1]     The parties consented to the Undersigned's ability to enter a substantive order on this partial summary judgment motion, instead of issuing a report and recommendations. (DE# 109.)

under the FLSA does not exist. After extensively briefing the issue over a six-month period, the parties jointly moved the Court to stay this case until the Eleventh Circuit decided *Polycarpe v. E&S Landscaping Service, Inc.*, 616 F.3d 1217 (11th Cir. 2010), a consolidated appeal of various other FLSA cases in which the Eleventh Circuit was expected to (and did) clarify the outlines of enterprise coverage. (DE# 53.)

The Court granted the joint motion to stay and denied Defendants' underlying motion (DE# 3) without prejudice to renew upon the resolution of *Polycarpe*. (DE# 61.) The Eleventh Circuit decided *Polycarpe* on August 31, 2010. *Id.* On November 26, 2010, Plaintiffs filed a partial motion for summary judgment as to enterprise coverage. (DE# 83.) Before that motion was decided on the merits, however, the Court granted Plaintiffs default judgment as a result of Defendants' violation of a prior court order and failure to respond to Plaintiffs' Third Amended Complaint. (DE# 95.) As a result, Plaintiffs' partial summary judgment motion and all other pending motions were denied as moot. (*Id.*) On March 18, 2011, the Court vacated the default and allowed Defendants to respond to the Third Amended Complaint. (DE# 102.)

On June 30, 2011, Plaintiffs filed their Renewed Motion for Partial Summary Judgment as to enterprise coverage. (DE# 117.) Defendants did not respond to the motion, but at the final pretrial conference held on July 28, 2011, Defendants' counsel indicated that Defendants did not oppose the motion and consented to it. (DE# 128.)

**II.    Legal Standards**

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. "All material facts set forth in the movant's statement filed and supported as required by Local Rule 7.5(c) will be deemed admitted unless controverted by the opposing party's

Case No. 09-22027-CIV-GOODMAN

[CONSENT CASE]

statement, provided that the Court finds that the movant's statement is supported by evidence in the record." S.D. Fla. L. R. 7.5(d). *See also* S.D. Fla. L. R. 7.1(c) ("Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default"). *Cf. McCann v. Tillman*, 526 F.3d 1370, 1373 n.3 (11th Cir. 2008) ("Because McCann voluntarily consented to summary judgment against her on her retaliatory failure to promote claim . . . she cannot appeal the dismissal of these claims).

An employer falls under the enterprise coverage section of the Fair Labor Standards Act if it: (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) has at least $500,000 of "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A). *Accord Polycarpe*, 616 F.3d at 1220.

Case No. 09-22027-CIV-GOODMAN

[CONSENT CASE]

### III. Analysis and Conclusion

Given Defendants' hearing concession, there is no genuine dispute as to whether enterprise coverage exists. Plaintiffs' Renewed Motion for Partial Summary Judgment as to enterprise coverage is therefore **GRANTED.**

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 8th day of September, 2011.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

All counsel of record