UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-22027-CIV-GOODMAN

[CONSENT CASE]

VINCENT JONES, et al.,

    Plaintiffs,

v.

CARSWELL PROPERTY
MAINTENANCE, INC., et al.,

    Defendants.

_____

## ORDER ON STIPULATED DISMISSALS AND PLAINTIFF CLINT DAVIS

This cause is before me on the parties' joint stipulations to dismiss the claims of Plaintiff Chad Jackson and count II of the Third Amended Complaint and Plaintiff Clint Davis' failure to appear before this Court as scheduled for trial.  (DE# 137; DE# 138.)  For the reasons below, Chad Jackson's claims and count II of the Third Amended Complaint are **DISMISSED WITH PREJUDICE**.  Clint Davis' claims, however, are **DISMISSED WITHOUT PREJUDICE**.

    **I.**    **Stipulated Dismissals**

On September 9, 2011, the parties filed two joint stipulations for dismissal.  The first stipulation provides that Plaintiff Chad Jackson was dismissing his claims because he "has moved to Georgia and does not have the financial means to travel to Florida and to take time off work for trial."  (DE# 137.)  The second stipulation provides that Plaintiffs Roderick Rolle, Elijah Glaster, and Gilford Wright, Jr. are dismissing their Florida state law minimum wage claims.  These three plaintiffs' claims make up the entirety of count II of the Third Amended Complaint.  (DE# 138.)  Both stipulations provide further that each side will bear their own fees

and costs, but neither the first nor the second stipulation discusses any payment from Defendants to these Plaintiffs in satisfaction of their claims.

The Eleventh Circuit interprets the FLSA as requiring that either the Secretary of Labor or a court review and approve any compromise or settlement of an FLSA claim. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Under *Lynn* and its progeny, the Court's duty to review stipulated FLSA compromises extends to situations such as here, where it appears a party is, in effect, abandoning his claims for no compensation. *See, e.g., Perez-Nunez*, 609 F. Supp. 2d 1319, 1320 (S.D. Fla. 2009); *Terry v. Waste Mgmt. Inc. of Fla.*, No. 6:06-cv-1473-Orl-28JGG, 2007 WL 604977, at *1-*2 (M.D. Fla. Feb. 22, 2007).

Immediately before starting trial on September 12, 2011, I held a hearing to determine if dismissal of these claims was consistent with the concerns described in *Lynn*. I questioned Plaintiffs' and Defendants' counsel at the hearing regarding the stipulated dismissals and, for the reasons stated on the record, I am satisfied that the circumstances surrounding these dismissals satisfy the concerns described in *Lynn*.

Consequently, it is **ORDERED** and **ADJUDGED** that: (1) the Court **APPROVES** (DE# 137) the Joint Stipulation for Dismissal as to Plaintiff Chad Jackson. Chad Jackson's claims are **DISMISSED WITH PREJUDICE**; and (2) the Court **APPROVES** (DE# 138) the Joint Stipulation for Dismissal as to Count II of the Third Amended Complaint. Count II of the Third Amended Complaint is **DISMISSED WITH PREJUDICE**.

**II.     Clint Davis**

On September 6, 2011, Plaintiffs' counsel moved for leave to withdraw as counsel for Plaintiff Clint Davis on account of counsel's repeated unsuccessful attempts to contact Mr. Davis. (DE# 136.) The Court granted counsel's motion on September 7, 2011. (DE# 139.)

Case No. 09-22027-CIV-GOODMAN

[CONSENT CASE]

Plaintiff Clint Davis thereafter did not obtain new counsel and did not appear before the Court for trial on September 12, 2011. The Court received no explanation from Mr. Davis for his apparent decision to cease prosecution of his FLSA claims and therefore the Undersigned is not certain whether Mr. Davis intends to permanently abandon his claims or whether allowing him to do so would be consistent with the considerations in *Lynn* that apply to all FLSA claim compromises.

Given these uncertainties, and for the reasons discussed further on the record during the September 12, 2011 pretrial hearing, the Court believes it would be inappropriate to dismiss Mr. Davis' claims with prejudice. Consequently, Plaintiff Clint Davis' claims are **DISMISSED WITHOUT PREJUDICE**.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 12th day of September, 2011.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

All counsel of record