UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-22027-CIV-GOODMAN

[CONSENT CASE]

VINCENT JONES, et al.,

    Plaintiffs,

v.

CARSWELL PROPERTY
MAINTENANCE, INC., et al.,

    Defendants.

_____

**ORDER GRANTING PLAINTIFFS'**

**MOTION FOR LIQUIDATED DAMAGES**

This cause is before me on Plaintiffs' Motion for Award of Liquidated Damages Against Defendants. (DE# 170.) Defendants did not respond to this motion and the time for responding has now passed. For the reasons below, Plaintiffs' motion is **GRANTED**.

**I.     Introduction**

This is an action seeking unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, Article X, § 24 of the Florida Constitution, and the Florida Minimum Wage Act, § 448.110, Florida Statutes. (DE# 58.) The Court held a trial on Plaintiffs' claims from September 12 through September 16, 2011 and the jury completed its verdicts on September 19, 2011. The jury found that Defendants were liable on all claims and awarded a total of $61,475.00 to the eight Plaintiffs. (DE# 169.)

The Plaintiffs now move for an additional award of liquidated damages in an amount equal to their compensatory damages pursuant to the FLSA, 29 U.S.C. § 216(b). (DE# 170.) In

Case No. 09-22027-CIV-GOODMAN

[CONSENT CASE]

support, Plaintiffs note that the jury specifically determined that Defendants "either knew or showed reckless disregard for whether their conduct was prohibited by the FLSA" as to 6 of the 8 Plaintiffs. Plaintiffs also rely on case law standing for the proposition that a court must award liquidated damages where a defendant is found liable but the defendant does not specifically prove that it violated the law in good faith. Defendants did not respond to the motion

**II. Legal Standards**

Any employer who violates the overtime and/or minimum wage provisions of the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C.A. § 216(b). The Eleventh Circuit has held that if a plaintiff establishes an FLSA violation, then the district court *must* award liquidated damages unless the *employer proves* "that its violation was 'both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict.'" *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (quoting *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1352-53 (5th Cir. 1980), *cert. denied*, 449 U.S. 1077 (1981)). *See also* 29 U.S.C. §260 (establishing good faith exception to the otherwise mandatory award of liquidated damages).

A "jury's finding of willfulness deprives the district court of any discretion to reduce liquidated damages based on its own finding of good faith." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008). Under the FLSA, "willfulness" means that a defendant either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA. *Id.* (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988)).

In addition, the local rules of this Court provide that the failure to file a memorandum opposing a motion "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L. R. 7.1(c).

### III.   Analysis and Conclusion

Plaintiffs' motion for liquidated damages is **GRANTED**.

As Plaintiffs correctly point out, the jury found that Defendants "either knew or showed reckless disregard for whether their conduct was prohibited by the FLSA" as to Defendants Glaster, Hollis, Johnson, Rolle, Thomas, and Wright.  (*E.g.*, DE# 169, p. 2.)  Therefore, "willfulness" is established as a matter of law with regard to these Plaintiffs and they are entitled to liquidated damages.

The jury did not make a similar finding as to Defendants' conduct with regard to Alvis and Hollis.  Given that the evidence established that all eight Defendants generally worked as a team, worked similar hours, and were paid using the same system, the jury's "willfulness" finding as to the other six Defendants strongly supports the conclusion that Defendants' conduct was also willful with regard to Alvis and Hollis.  Nevertheless, given the statutory framework, the Court need not make such a finding.  Instead, it is Defendants' burden to affirmatively prove at trial that they acted in good faith.

Based on an analysis of the evidence presented at trial, the Court concludes that Defendants did <u>not</u> prove that they committed their FLSA violations in good faith.  The Court notes that, by failing to respond to Plaintiffs' motion, Defendants waived their opportunity to convince the Court otherwise.

Case No. 09-22027-CIV-GOODMAN

[CONSENT CASE]

## IV.     Conclusion

Plaintiffs' motion is **GRANTED**.  The Court will include in its final judgment an additional amount equal to the overtime compensation awarded by the jury.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 9th day of September, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

All counsel of record