UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-22027-CIV-GOODMAN

**[CONSENT CASE]**

VINCENT JONES, et al.,

    Plaintiffs,
v.

CARSWELL PROPERTY
MAINTENANCE, INC., et al.,

    Defendants.
_____

**ORDER DENYING DEFENDANTS'**

**RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

This cause is before me on Defendants' Renewed Motion for Judgment as a Matter of Law. [ECF No. 177]. The Court reviewed the motion, response, and reply, and is otherwise familiar with the facts of this case. For the reasons below, Defendants' motion is **DENIED**.

### I.  Introduction

In this action, Plaintiffs seek unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, Article X, § 24 of the Florida Constitution, and the Florida Minimum Wage Act, § 448.110, Florida Statutes. [ECF No. 58]. The Court held a trial on Plaintiffs' claims from September 12 through September 16, 2011 and the jury returned its verdicts on September 19, 2011. The jury found that Defendants were liable on all claims and awarded a total of $61,475.00 to the eight Plaintiffs. [ECF No. 169]. On October 12, 2011, the Court granted Plaintiffs' unopposed motion for liquidated damages in an amount equal to Plaintiffs' actual damages and entered a Final Judgment in Plaintiffs' favor.

Defendants unsuccessfully moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) at the conclusion of Plaintiffs' case-in-chief. Defendants now timely renew their motion pursuant to Rule 50(b) and make two arguments in support. [ECF No. 177]. First, Defendants argue that Plaintiffs did not sufficiently demonstrate the time records were inaccurate or inadequate and therefore the relaxed burden-shifting damages scheme does not apply. Second, Defendants argue that Plaintiffs presented insufficient evidence to prove their damages even under the burden-shifting scheme.

Plaintiffs filed a timely response opposing Defendants' motion on November 9, 2011. [ECF No. 177]. Defendants did not file a timely reply, but on December 23, 2011, more than a month after the reply deadline already expired, Defendants filed what they characterized as an "agreed" motion for extensions of time to file replies to the response to this motion and also to the response to Defendants' motion for a new trial. [ECF No. 181]. Plaintiffs responded to that motion by indicating Plaintiffs never consented to an extension and in fact oppose an extension. [ECF No. 184]. Plaintiffs' counsel wrote that she was contacted by defense counsel's assistant, but that the assistant asked only for an extension of time to respond to Plaintiffs' attorneys fees motion. Defense counsel subsequently filed his assistant's affidavit, in which the assistant contends she spoke to Plaintiffs' counsel and Plaintiffs' counsel agreed to the extensions indicated in Defendants' extension motion. [ECF No. 186-1].

After initially scheduling a hearing on the extension motion, on December 27, 2011 this Court cancelled the hearing and granted the requested extensions. [ECF Nos. 188; 189]. The Court concluded that a hearing on this issue would amount to nothing more than a swearing match and that this would be unnecessary and unhelpful at this late stage in the case. Defendants

filed their reply on January 6, 2012 and the motions became ripe for adjudication.[1]  [ECF No. 191].

## II.     JUDGMENT AS A MATTER OF LAW UNDER RULE 50(b)

Judgment as a matter of law contrary to the jury's verdict may be entered only "if there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1251 (11th Cir. 2007).  A court may not "not second-guess the jury or substitute" its judgment for that of the jury if the jury's verdict is supported by sufficient evidence.  *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001).  All evidence and inferences must be made in favor of the non-moving party.  *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1237 (11th Cir. 2001).  "If substantial evidence exists in opposition to a motion for judgment as a matter of law, such that reasonable people, exercising impartial judgment, could reach different conclusions, then the motion must be denied."  *Viart v. Bull Motors, Inc.*, 149 F. Supp. 2d 1346, 1347 (S.D. Fla. 2001).

## III.    ANALYSIS

Recognizing that the employer bears the duty to maintain adequate time records, in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), the United States Supreme Court created an evidentiary burden-shifting scheme applicable to FLSA claims where, as here, time records are allegedly inadequate or inaccurate.  The Supreme Court wrote that:

> When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee

---

[1]     As a general matter of judicial philosophy, the Court believes that fully-briefed motions result in more-comprehensive, better decisions.  This philosophy contributed to the Court's decision to allow the filing of Defendants' untimely reply.

> by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id.* at 687-88.

Therefore, an employee meets his burden of proof if he demonstrates that (1) he performed the work for which he was improperly compensated and (2) he produces sufficient evidence to show the amount and extent of the work he performed as a matter of just and reasonable inference. *Id.*; *accord Brown v. Family Dollar Stores of Ind., LP.*, 543 F.3d 593, 595 (7th Cir. 2008); *Solano v. A Navas Party Prod., Inc.*, No. 09-22847-CIV, 2011 WL 98819, at *8 (S.D. Fla. Jan. 12, 2011) (describing this as the "relaxed burden-shifting scheme"). The employee's burden is not great and the Eleventh Circuit has found an employee can successfully shift the burden of proof by presenting his own testimony indicating the employer's time records cannot be trusted and that he worked the claimed overtime. *Allen v. Board of Public Educ. for Bibb Cnty.*, 495 F.3d 1306, 1316 (11th Cir. 2007) (reversing grant of summary judgment against employees despite the fact employee deposition testimony on this issue was not entirely consistent with earlier affidavits from the same employees). Once an employee carries his burden, the burden shifts to the employer, who "must bring forth either evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.*

Defendants do not cite to any other case where a Court granted an employer judgment as a matter of law when presented with similar facts. In contrast, Plaintiffs cite to multiple cases where other courts have ruled in favor of FLSA overtime plaintiffs based upon even less evidence than the Plaintiffs presented in this case. *E.g.*, *Brown*. 543 F.3d at 595; *Brown v. Gulf Coast Jewish Family Servs*., No. 8:10-cv-1749-T-27AEP, 2011 WL 3957771, at *6-8 (M.D. Fla. Aug. 9, 2011). After reviewing the evidence presented at trial, these cases and other controlling authorities, the Court concludes that the jury had a legally sufficient basis to find for Plaintiffs and therefore Defendants' motion is denied.

### A. SUMMARY OF THE EVIDENCE

At trial, Plaintiffs' Exhibit 1 was a collection of weekly time sheets. Plaintiffs acknowledged that some information contained on the time sheets is correct. With only minor exception, Plaintiffs did not dispute that the time sheets accurately detail the number of days worked and, where applicable, a *starting* time of 6:30 a.m. Plaintiffs also based their damages on the number of days reflected in the time sheets. But Plaintiffs testified that the time sheets were inaccurate to the extent the time sheets reflected the workday *ended* earlier than 5:30 p.m. Plaintiffs conservatively estimated that an average workday lasted until 5:30 p.m. for non-drivers and 6:30 p.m. for drivers (who were required to drive the work vehicles back to Defendants' business premises each night after the other workers completed their daily work). In other words, Plaintiffs testified that the time sheets accounted inaccurately for their hours because non-drivers averaged 11 hours per day and drivers averaged 12 hours per day of work.

Plaintiffs did not merely rely on their own testimony to establish the inaccuracy of the timesheets. To corroborate their testimony, Plaintiffs obtained trial testimony from non-parties. Jeannette Baldwin, defendant Phyllis Carswell's neighbor, testified that she saw the Defendants'

work trucks return each day at approximately 7:00 or 7:30 p.m. Defendants' foreman Clarence Jeffries testified that the drive home from the West Palm Beach worksite lasted approximately forty-five to sixty minutes and the drive home from the South Miami worksite took approximately forty-five minutes. Jeffries indicated that the "out" times listed on Fridays are not accurate and agreed with Plaintiffs that on slow days Phyllis Carswell would have Plaintiffs perform paint and landscaping work on her personal properties. Jeffries and another foreman, Reggie Thomas, also confirmed that the workday began at 6:30 a.m.

Based on all of the above testimony alone, the jury could have reasonably concluded the Plaintiffs worked until at least 5:30 p.m. each day and did not return to Defendants' premises until 6:30 p.m. or later (i.e., that Plaintiffs worked at least 11 hours per day) and therefore the time sheets were inaccurate. *See e.g., Brown*, 2011 WL 3957771, at *6 (denying employer summary judgment based upon employee and witness testimony that suggested time sheets were inaccurate). By the same token, this testimony also supports a conclusion that Plaintiffs worked the hours Plaintiffs claimed they worked.

Nonetheless, Plaintiffs presented additional, documentary evidence in support of their claims. For example, Plaintiffs demonstrated that there were two different sets of time sheets for the week ending July 30, 2008. One set reflected that the workday ended at 3:00 p.m. and the other at 6:00 p.m. Different numbers of employees were also listed as working the same days in different sets. It is reasonable to infer from these discrepancies that one set of time sheets was altered or that Defendants pre-wrote in the earlier end times. It is noteworthy that Defendants identified a woman named Kiah Smith (aka Gladys) as the individual who created these time entries but decided not to call her as a trail witness to provide clarifying testimony. The Court understands that Ms. Smith presumably would be equally available to both sides (through the

issuance of a trial subpoena) but it is the Defendants who know (or should know) the scope of Ms. Smith's knowledge of the time records and what she would have testified to at the trial, had she been called as a witness.

Defendant Phyllis Carswell herself concurred at trial that the weekly time sheets were inaccurate and incomplete because many of the time sheets had missing "out" times for the last day worked in a given week. She admitted further that Defendants possessed no other records which contained the missing information and that she could not personally recall the information from her memory.[2] Plaintiffs offered into evidence some of their pay stubs to substantiate their rates of pay and Phyllis Carswell also confirmed the pay rates were accurately claimed.

Defendants acknowledged at trial that Plaintiffs worked some overtime, but contended the overtime was limited to the amount indicated on the timesheets. Phyllis Carswell initially testified that she paid Plaintiffs for this overtime in cash. But on cross-examination, when confronted with her deposition testimony that she never paid overtime, Carswell testified these cash payments were intended to be bonuses and <u>not</u> overtime compensation. Carswell also admitted that these cash payments were not documented on the time sheets or other records. Clarence Jeffries provided similar testimony, in that he first stated Plaintiffs were paid in cash for overtime, but then admitted he never actually saw any cash in the pay envelopes and merely *assumed* it were true. For their part, Plaintiffs denied ever receiving any cash. The Court notes that it was the duty of the jury to resolve any conflicts in this testimony and the Court may not second guess the jury's resolution in Plaintiffs' favor.

---

[2]  Defendants contend that, because Plaintiffs relied partially on the time sheets and acknowledged the time sheets were not completely inaccurate, the burden shifting scheme is inappropriate as a matter of law under *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008). *Morgan*, a lengthy opinion involving class action, not individual, claims, does not stand for that proposition and Defendants did not cite any case standing for the proposition that the burden-shifting scheme is unavailable to an individual plaintiff merely because he acknowledges that the employer's time records are only partially inaccurate.

Defendants also claimed that Plaintiffs' damages calculations failed to account for lunch breaks and days when Plaintiffs were in drug rehabilitation facilities or were late or absent. This argument merits no relief for three reasons. First, Plaintiffs testified they were not given lunch breaks and Defendants produced no records proving otherwise. Second, Plaintiffs contend their damages calculations *did* account for missed days and, in fact, they only claimed credit for days when Defendants' own records reflected they worked. To the extent that either of these points was open to factual dispute, the jury reasonably resolved them in Plaintiffs' favor. Third, Defendants never offered an alternative method for the jury to calculate damages and therefore did not rebut Plaintiffs' evidence. *See Olivas v. A Little Havana Check Cash, Inc.*, 324 F. App'x 839, 844 (11th Cir. 2009) (affirming denial of remittitur where employer failed to provide alternative damages calculation).[3]

The Court notes that Defendants did not obtain from the jury verdicts all the damages they sought. For instance, Plaintiff Roderick Rolle sought unpaid wages for work done between 2006 and 2007, even though the time sheets – which he accepted as accurate attendance records for 2007 – contained no entries pertaining to him in 2006. In Rolle's case, the jury apparently chose not to believe fully his testimony regarding the number of hours worked and therefore awarded him only $1,467.00 when he asked for $2,931.00. This result suggests the jury gave due consideration to all of the evidence and, on the whole, simply found Plaintiffs' damages account more credible.

---

[3] Defendants also assert that on Fridays the Plaintiffs worked a short day, were paid for a full eight hours, and that the jury disregarded that fact in calculating damages. [ECF No. 191, p. 11]. But this argument ignores the fact that Defendants' own foremen testified that the "out times" on the time sheets for Fridays were inaccurate and that Defendants did not present their own alternative calculation to the jury. Moreover, Defendants did not explain in their motion the exact amounts and the calculation the Court should use in evaluating this argument. Without this specific information, the Court has no basis to second-guess the jury's calculations.

While it would not be grounds for granting Defendants' motion, even if it were true, the Court will address Defendants' contention that the Court admitted only "little" evidence pertaining to Plaintiffs' alleged status as drug addicts, the reasons Defendants terminated their employments, or the time Defendants spent in prison. The Court ruled that such evidence was admissible if it was *relevant*, such as if a Plaintiff was terminated for lying and therefore the specifics of the termination decision related to his character for truthfulness. The Court also admitted Defendants' timesheets, which in some instances showed that Plaintiffs started work later than 6:30 a.m. The jury received this evidence and was entitled to give it the weight it found appropriate. Defendants chose not to highlight any entries reflecting tardiness to the jury and the Court notes again that Defendants did not offer any alternative damages calculation premised on tardy entries. Defendants cannot now demand judgment based upon evidence they chose not to highlight or arguments they chose not to make to the jury.

Defendants contend that the denial of this motion could "adversely affect the local business climate" because businesses "that maintain adequate and accurate time records, which have not been shown to have been manipulated or falsified, could have that protection eliminated in the face of unsubstantiated, exaggerated and incredulous claims of overtime employment." [ECF No. 191, p. 10]. The Court disagrees that this case presents such a threat because this case does not present such a situation. As outlined above at length, Phyllis Carswell and Defendants' foremen provided testimony that supported a conclusion the time sheets were inaccurate and/or incomplete. This is not a case where an employee made an unsubstantiated allegation that he worked uncompensated overtime.

This Court's task is straightforward. It is bound to view the evidence and make all inferences in Plaintiffs' favor at this stage and can only grant a motion for judgment as a matter

9

of law if Defendants demonstrate the jury had no legally sufficient basis to find for Plaintiffs. Defendants did not make this showing and, quite frankly, could not make this showing given the ample trial evidence that supports application of the burden-shifting scheme and the jury's final verdict. Consequently, Defendants' motion is denied.

### IV.    CONCLUSION

For the reasons above, Defendants' motion is **DENIED**.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 19th day of January, 2012.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:** All counsel of record