**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 09-22027-CIV-GOODMAN

**[CONSENT CASE]**

VINCENT JONES, et al.,

    Plaintiffs,

v.

CARSWELL PROPERTY
MAINTENANCE, INC., et al.,

    Defendants.

_____

**ORDER ON ATTORNEYS FEES AND COSTS**

This cause is before me on Plaintiffs' Verified Motion for Attorneys Fees and Plaintiffs' Bill of Costs. [ECF Nos. 174; 180]. The Court has reviewed the motion, response, and reply, the bill of costs and accompanying memorandum, and is otherwise familiar with the facts of this case. [ECF Nos. 174; 175; 184; 190]. For the reasons below, Plaintiffs are awarded **$133,230.00** in attorneys fees and **$2,838.10** in costs.

    **I.**    **Introduction**

In this lawsuit, Plaintiffs seek unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, Article X, § 24 of the Florida Constitution, and the Florida Minimum Wage Act, § 448.110, Florida Statutes. [ECF No. 58]. The Court held a trial on Plaintiffs' claims from September 12 through September 16, 2011 and the jury completed its verdicts on September 19, 2011. The jury found that Defendants were liable on all claims and awarded a total of $61,475.00 to the eight Plaintiffs. [ECF No. 169]. On October 12, 2011, the

Court granted Plaintiffs' unopposed motion for liquidated damages in an amount equal to Plaintiffs' actual damages and entered a Final Judgment in Plaintiffs' favor.

Defendants unsuccessfully moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) at the conclusion of Plaintiffs' case-in-chief. After trial, Defendants renewed that motion and also filed a motion for a new trial, but the Court denied both post-trial motions. Plaintiffs' attorneys fees motion and bill of costs are now fully briefed and therefore ripe for a decision.

In their Bill of Costs and motion, Plaintiffs seek $164,710.00 in attorneys fees and $2,838.10 in costs. According to Plaintiffs, Defendants did not submit written objections to the claimed attorneys fees during the pre-filing conference stage as required by Southern District of Florida Local Rule 7.3. In their written response filed after the motion, Defendants do not object to any claimed costs. Defendants also agree that Plaintiffs are the prevailing party and therefore entitled to attorneys fees. [ECF No. 184, p. 1]. Defendants, however, object to the requested rate and certain billing entries.

Plaintiffs contend that Defendants' failure to comply with the local rules constitutes a waiver of their right to object to any fees, but Plaintiffs do not cite any binding authority providing a similar, mandatory interpretation of Rule 7.3. Because Plaintiffs cite to no authority absolutely precluding consideration of the objections under this rule, and because the Court finds some merit in the objections, the Court will analyze the objections on a case-by-case basis as described below. *See Godoy v. New River Pizza, Inc.*, 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process typically aids the Court in determining whether an attorneys fees request is "reasonable," and concluding the court has an independent to duty to assess reasonableness regardless of whether a fee request is opposed). However, the Court

agrees it is Defendants' responsibility to make objections and will therefore consider the objections only to the extent the objections specifically refer to a particular billing entry or entries.

## II. STANDARD FOR FEES AND COSTS

### a. FLSA

The FLSA provides that "the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Courts apply the lodestar method to calculate a reasonable attorneys fee in FLSA cases. *E.g., Parness v. Piazza Benvenuto Ristorante, Pizzeria and Market, Inc.*, No. 08-61604-CIV, 2009 WL 1117362, at *1 (S.D. Fla. April 24, 2009). The Supreme Court describes the lodestar method as follows:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S. Rep. No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Copeland v. Marshall*, 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original).

*Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). *See also Association of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) (noting this method is "commonly referred to as the 'lodestar'").

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experiences and reputation." *Coy v. Allstate Floridian Ins. Corp.*, No. 2:05-cv-103-FtM-34DNF, 2007 WL 1732098, at *5 (M.D. Fla. June 14, 2007) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The Court may use its own experience in assessing the reasonableness of attorneys fees and may form an independent judgment either with or without witnesses. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

A successful FLSA plaintiff is limited to recovering only those costs specifically enumerated in 28 U.S.C. § 1920. *See Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). *See also Parness*, 2009 WL 1117362 at *1 (citing *Glenn* for this proposition); *Moon v. Technodent Nat'l, Inc.*, No. 5:06-cv-358-Orl-PCF-GRJ, 2009 WL 111678, at *6 (M.D. Fla. Jan. 15, 2009) (same). Specific costs recoverable pursuant to 28 U.S.C. § 1920 include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The "losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

### III. ANALYSIS

#### a. ATTORNEYS FEES

Plaintiffs request attorneys fees for 470.6 hours at a rate of $350.00 per hour for a total of $164,710.00.[1] The Court finds that Plaintiffs are entitled to an attorneys fees award for **444.1 hours** at a rate of **$300.00 per hour**, for a total attorneys fees award of **$133,230.00**.[2]

#### i. RATE

Plaintiffs contend that they are entitled to $350.00 per hour because this case was heavily litigated and involved complex, novel issues of law regarding enterprise coverage jurisdiction that, when the case was filed, were not yet settled by the Eleventh Circuit. Plaintiffs also cite to a variety of other cases in this District and in the Middle District of Florida where the court awarded FLSA attorneys fees at the requested rate or higher. Defendants dispute that the enterprise coverage issues were especially complex and note that the Eleventh Circuit settled the enterprise coverage issues in August of 2010 in *Polycarpe v. E & S Landscaping Service, Inc.*, 616 F.3d 1217 (11th Cir. 2010), approximately halfway through this case.

The Court has considerable experience with FLSA cases because of the high volume of such cases filed in this District. The Court is also knowledgeable about this legal market, such as

---

[1] In their affidavits, Plaintiffs' counsel Peter and Samara Bober list their hours as 197.95 and 288.55, respectively. However, it appears these numbers, which add up 486.5 hours, are merely a scrivener's error because they do not account for the 12.6 hours and 3.3 hours of time for which Plaintiffs are not seeking attorneys fees. The accuracy of this conclusion is confirmed by considering that the product of 470.6 hours, the total number of hours reached when the deductions are included, and $350.00 per hour, is the total requested fee of $164,710.00.

[2] The Court deducted a total of 26.5 hours for duplicative, excessive, inefficient or otherwise inappropriate time entries.

5

the appropriate and prevailing rates for a wide-variety of legal work, including FLSA litigation. Having considered the parties' positions, and based upon its knowledge, general experience, and specific experience presiding over this case, the Court concludes that a reasonable hourly rate for Plaintiffs' counsel in this case is **$300.00** per hour. *See also, e.g., Vergara v. Davis Bancorp, Inc.*, No. 10-21746-CIV-GRAHAM-GOODMAN, ECF Nos. 123, 131 (S.D. Fla. 2011) (awarding $300.00 per hour to an experienced FLSA attorney who received his Florida Bar membership in 1997, the same year as, and one year before, Peter and Samara Bober, respectively, received their Florida Bar licenses).

### ii. HOURS

Defendants specifically object to certain time entries in Plaintiffs' counsel's billing records. These objections are considered individually below.

First, Defendants contend that four time entries dated between August 25, 2009 and August 28, 2009 are excessive and duplicative. These entries indicate Plaintiffs' counsel spent six hours of time researching the law in preparation for preparing the response to Defendants' motion to dismiss/for summary judgment. [*See* ECF Nos. 3; 8; 9]. The Court reviewed Defendants' underlying motion and Plaintiffs' response, and concludes that the time spent was reasonable. Defendants filed a twenty-page motion that cited a large number of cases and which analyzed then-unsettled questions of law. It was not unreasonable to spend this amount of time researching, especially considering the dispositive nature of the relief sought.

Second, Defendants argue that the 14.2 hours billed during those same four days for preparing Plaintiffs' response to the motion to dismiss/for summary judgment and 11.1 hours billed for preparing a "Response to the Rule 56(f) continuance motion on September 11, 14-16, 2009" were duplicative and excessive. In their reply, Plaintiffs explain the 14.2 hours was for

6

drafting docket entry number 9, a single filing which included both (1) a direct response to the motion to dismiss portion of Defendants' earlier motion to dismiss/for summary judgment and (2) a request pursuant to Rule 56(f) for denial of the summary judgment motion as premature. [ECF No. 190].  Plaintiffs explain that the 11.1 hours were expended preparing a separate, court-ordered, additional nineteen page response solely to the summary judgment portion of Defendants' original motion.  [*See* DE# 35].

Having reviewed both of these documents, which are 41 pages combined, the Court concludes the amount of time billed was reasonable.  But in a related vein, the Court agrees with Defendants' third objection that the 13.1 additional hours also billed for preparing the second response were excessive.  The Court concludes that Plaintiffs' should have reasonably spent no more than twenty hours total drafting docket entry number 35.  Consequently, the Court will deduct 4.2 hours from the 13.1 hours spent during the second period of work on that filing.

Fourth, Defendants contend that the two entries for taking the deposition of Phyllis Carswell (December 9 and 10, 2009) are duplicative because Phyllis Carswell was deposed only once, on December 9, 2009.  Plaintiffs respond that the confusion results from an erroneous date in the billing records.  According to Plaintiffs, both entries refer to December 9, 2009, the date on which Phyllis Carswell gave one deposition, but did so simultaneously as both an individual and Carswell Property Maintenance, Inc.'s corporate representative.  Plaintiffs contend the participation of both attorneys was necessary because Samara Bober asked questions regarding enterprise coverage while Peter Bober asked about the other issues in the case.

The Court concludes that both attorneys' presence was unnecessary at this deposition. Plaintiffs offer no explanation why one attorney could not have handled both lines of questioning.  Moreover, Plaintiffs' position is also inconsistent with their contention that their

7

two lawyers are both experienced FLSA attorneys with significant experience handling labor and employment litigation. The Court will therefore deduct 6.1 hours from Plaintiffs' requested hours to account for the duplicative billing entry.

Fifth, Defendants contend it was unnecessary to conduct individual meetings with five of the Plaintiffs regarding the same issue, for a total of 4.4 hours.[3] Plaintiffs respond that individual meetings were necessary to avoid creating "attorney-client privilege issues" and accusations that the Plaintiffs conspired with one another and because Plaintiffs were unsophisticated. The Court agrees that holding five separate meetings was unnecessary and will therefore deduct half the time, or 2.2 hours from the fee award.

Plaintiffs fail to address why, for instance, the communications made during a single meeting would not have been protected by the "common interest" theory, which is a well-recognized doctrine and would have protected against a waiver of attorney-client privilege. *See generally, e.g., Mitsui Sumitomo Ins. Co. v. Carbel*, No. 09-21208-CIV, 2011 WL 2682958, at *4-*5 (S.D. Fla. July 11, 2011). The Court also sees no specific reason why Plaintiffs' alleged "lack of sophistication" necessitates individual meetings. Plaintiffs' other justification, regarding an attempt to avoid allegations of conspiracy, also fails. Conspiracy accusations (i.e., that Plaintiffs got together and decided to file this lawsuit because they were broke and desired to punish Phyllis Carswell for her alleged disdain of their personal behaviors) were still a key part of Defendants' strategy and prominently featured at the trial, despite Defendants' apparent unfamiliarity with the multiple-clients-at-one-meeting scenario.

Sixth, Defendants object that Plaintiffs' counsel spent 4.5 hours on September 9, 2011, on the eve of trial, reviewing time sheets and re-calculating claimed lost wages. Defendants

---

[3] The Court notes that Defendants' objection references multiple "days" on which the same type of individual client meetings occurred. However, November 19, 2009 is the only date specifically identified and so the Court will only consider that date.

contend that this was excessive because Plaintiffs' counsel earlier billed for multiple client-conferences where the same information was discussed and because the review and calculation took an unreasonably long time. In response, Plaintiffs contend the earlier reviews included, in part, pre-suit investigation. Plaintiffs also claim the earlier reviews were done without the benefit of Defendants' complete time sheets, which Plaintiffs did not receive fully until July 29, 2011. Finally, Plaintiffs state that counsel waited until the eve of trial to review the complete records because counsel was hopeful the case would settle.

The damages calculations were an important part of this case and the records covered the work of multiple Plaintiffs over several years. Certainly, some review of the newly produced time sheets was necessary. But Plaintiffs utilized the time records merely as attendance sheets in this case. This means that the review was presumably only to determine which days Plaintiffs worked and, once that figure was calculated, it could be plugged into a simple mathematical formulate to calculate unpaid wages (e.g., number of days x individual plaintiff's overtime pay rate x overtime hours worked per day). Because the Court finds some merit in Defendants' objection, it will deduct 2 hours from this time entry.

Seventh, Defendants object to paying 2.1 hours in attorneys fees for research into a motion in limine that was never filed. Plaintiffs acknowledge the motion was never filed, but contend the research was presented to the court in support of their request to exclude certain evidence. Plaintiffs are correct that some of their research was used, but the Court will nonetheless deduct the 2.1 hours from Plaintiffs' fee award. As discussed in my order denying Defendants' motion for a new trial, the Court was empowered to hear Plaintiffs' untimely motions in limine, but Defendants are correct that the timing of these motions did not fully

comply with the scheduling order. Therefore, while Plaintiffs received the benefit of a ruling on these motions, they will not be reimbursed for the time spent researching the motions.

Eighth, Defendants argue that the 3.5 hours Plaintiffs' counsel spent researching Plaintiffs' criminal backgrounds the day before trial should be excluded because the results of this research were never disclosed to the Court or to Defendants (Defendants do not object that 3.5 was inherently an unreasonable amount of time to spend on such research). The Court will not deduct this time from the fee award. Plaintiffs correctly point out that it was Defendants' burden to demonstrate a reasonable basis to believe any convictions occurred. Plaintiffs' counsel reasonably researched this information in preparation for opposing Defendants' announced attempts to introduce prior conviction evidence at trial. If this information could have been, but was not, presented in response to an interrogatory, then Defendants should have filed a motion to compel better responses earlier in the case.

Finally, Defendants contend they should not have to pay attorneys fees for Plaintiffs' counsel's trial travel time because travel time is not recoverable. Defendants also contend that, even if it is recoverable, the time should be reimbursed at a lower rate and that they should not have to pay for the travel time of both attorneys because counsel are married. Plaintiffs respond by arguing that travel time is generally reimbursable and is specifically reimbursable here at the same rate as for legal work because counsel "almost always" discussed trial issues while driving to court.

Plaintiffs cite to *Johnson v. University College of the University of Alabama in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983) in support, which held that "the exclusion of out-of-town counsel's travel time is proper only if it was unreasonable not to hire qualified local counsel." Plaintiffs' counsel's office is in Broward County, Florida, but Plaintiffs did not

demonstrate that other competent counsel was unavailable in Miami-Dade County, where the claims were pending. The Court notes that some courts permit the recovery of attorneys fees for travel time while other courts exclude them. Consequently, the Court will **reduce by half** (9.9 hours) the time billed for travel to the trial.[4] *See Barlow v. Sun Life and Health Ins. Co.*, No. 3:09–cv–1063–J–32JBT, 2011 WL 3475298, at *2 (M.D. Fla. Aug. 9, 2011) ("Sun Life should not have to pay for Barlow's choice to use out of town counsel and the Court will therefore reduce Paul's hours by 10 to reflect the time Paul spent traveling from Pittsburgh to Jacksonville"); *Cf. Estrada v. Porcao Rio's LLC*, No. 10-20779-CIV, 2011 WL 336251 (S.D. Fla. Jan. 31, 2011) (adopting report and recommendation that recommended an award of two hours of travel time to attend a hearing in an FLSA case).[5]

### b. COSTS

Plaintiffs request $2,838.10 in costs, all of which are of the type generally recoverable and to which Defendants do not object. [ECF No. 174]. The Court therefore awards Plaintiffs the full amount of costs requested.

---

[4] Alternatively, the Court could have maintained the same number of hours but permitted recovery at only a 50% rate. The result, of course, would be the same under either approach.

[5] The Court in *Porcao Rio's* used a $200 hourly rate for an attorney admitted to practice in Florida in 1992 (five and six years before the two plaintiffs' lawyers in this case).

### IV. CONCLUSION

For the reasons above, Plaintiffs' motion and bill of costs are **GRANTED**. Plaintiffs are awarded **$133,230.00** in attorneys fees and **$2,838.10** in costs.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 19th day of January, 2012.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

All counsel of record